UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

CARNEY, JENNA (L4SSN: 2739)
DEBTOR

* Chapter 13
* Case No. 19-40735

☐Check if this is a modified plan, and list below the sections of the plan that have been changed.

---

**CHAPTER 13 PLAN (2nd BANKRUPTCY)**
**MIDDLE DISTRICT OF GEORGIA**

**Part 1: Notices**

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors and statement regarding your income status, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

**The following matters may be of particular importance to you. Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| | | | |
|---|---|---|---|
| **1.1** | The plan seeks to limit the amount of a secured claim, as a set out in Part 3, Section 3.5, which may result in a partial payment or no payment at all to the secured creditor. | ☒ Included | ☐ Not Included |
| **1.2** | The plan request the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in the **Nonstandard Provisions Part 6.** | ☒ Included | ☐ Not Included |
| **1.3** | The plan sets out **Nonstandard Provision in Part 6** | ☒ Included | ☐ Not Included |

**Income status of debtor(s) as stated on Official form 122-C1.**

**Check One:**

☒The current monthly income of the debtor(s) is less than the applicable median income specified in 11 U.S.C. §1325(b)(4)(A).

☐The current monthly income of the debtor(s) is not less than the applicable median income specified in 11 U.S.C. §1325(b)(4)(A).

## Part 2: Plan Payments and Length of Plan

2.1. **Plan Payments:** The future earnings of the debtor(s) are submitted to the supervision and control of the Trustee and the debtor(s) (or the debtor's(s' employer) shall pay to the Trustee the sum **of $220.00/month.**

2.2. **Additional Payments:** Additional payments of $________________ will be made on ________________ from ___________________. (Source)

2.3. **Trustee Percentage Fee:** as set by the United States Trustee will be collected from each payment made by the debtor(s).

2.4. **Plan Length:** If the debtor(s)' current monthly income is less than the applicable median income specified in 11 U.S.C.§1325(b)(4)(A) the debtor(s) will make a minimum of 36 monthly payments.

If the debtor(s)' current monthly income is not less than the applicable median income specified in 11 U.S.C.§1325(b)(4)(A) the debtor(s) will make payments for a minimum of 57 months.

## Part 3: Treatment of Secured Claims

**From the payments so received, the Trustee shall make disbursements to allowed claims as follows:**

3.1. **Long Term Debts:** The monthly payments will be made on the following **LONG-TERM DEBTS:** (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.)

| NAME OF CREDITOR | MONTH OF FIRST PAYMENT UNDER PLAN | MONTHLY PAYMENT AMOUNT | CHECK IF PRINCIPAL RESIDENCE |
|---|---|---|---|
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |

3.2. **Arrearages:** After confirmation, distributions will be made to cure arrearages on long term debts where the last payment

is due after the last payment under the plan. If no monthly payment is designated, the **ARREARAGE** claims will be paid after the short term secured debts listed in Section 3.3 and 3.5.\

| NAME OF CREDITOR | ESTIMATED AMOUNT DUE | INTEREST RATE (if applicable) | COLLATERAL | MONTHLY PAYMENT IF ANY |
|---|---|---|---|---|
| ____________ | $________ | ________ | ____________ | $__________ |

3.3. **Claims Not Subject to Cram Down:** The following claims are not subject to cram down because debts are secured by a purchase money security interest in a vehicle for which the debt was incurred within **910 DAYS** of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within **1 YEAR** of filing. *See* §1325(a). The claims listed below will be paid in full as allowed.

| NAME OF CREDITOR | AMOUNT DUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|---|
| __________ | $________ | ________ | ______________ | $________ |
| __________ | $________ | ________ | ______________ | $________ |

3.4. **Preconfirmation ADEQUATE PROTECTION Payments**: will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim.

| NAME OF CREDITOR | ADEQUATE PROTECTION AMOUNT |
|---|---|
| **Jefferson Capital** | **$40.00** |

3.5. **Secured Creditors Subject to Cramdown:** After confirmation of the plan, the following secured creditors who are **SUBJECT TO CRAMDOWN**, with allowed claims will be paid as follows:

If the value is less than the amount due, the secured claim is modified to pay the value only as secured.
If the value is listed as $0.00 the creditor's allowed claim will be treated as unsecured.
If the value is greater than or equal to the allowed secured claim, the claim will be paid in full.
If you do not intend to cram down the claim, enter "debt" as the value.

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT AMOUNT |
|---|---|---|---|---|---|
| **Jefferson Capital** | **$10,990.00** | **$6,050.00** | **5.5%** | **'13 Chrysler 200 (120M+)** | **S144.00** |

3.6. **Surrendered Collateral:** The following collateral is **SURRENDERED to the creditor**. If the debtor(s) is surrendering the collateral for a specific payment credit or in full satisfaction of the debt, a statement explaining the treatment should be indicated in **Part 6 Nonstandard Provisions**. The debtor(s) agree to termination of the stay under 11 U.S.C.§362(a) and §1301 with respect to the collateral; upon confirmation of the plan. An allowed unsecured claim resulting from the dispositions of the collateral will be treated as unsecured.

| NAME OF CREDITOR | DESCRIPTION OF COLLATERAL |
| --- | --- |
| ____________ | ____________ |
| ____________ | ____________ |

3.7. **Debts Paid by Debtor:** The following debts will be paid directly by the debtor(s). **(Also, debtor assumes all contracts and unexpired leases listed in this paragraph):**

| NAME OF CREDITOR | COLLATERAL |
| --- | --- |
| ____________ | ____________ |
| ____________ | ____________ |

3.8. **Liens Avoided:** The judicial liens or non-possessory, non-purchase security interests that are being avoided are listed in **Part 6 Nonstandard Provisions.**

## Part 4: Treatment of Fees and Priority Debt

4.1. **Attorney Fees:** Attorney fees ordered pursuant to 11 U.S.C. § 507(a)(2) of at $175.00/hour to be paid as follows: **(SELECT ONE)**

☐Pursuant to the current Administrative Order on Attorney Fee Awards

☒By another method as set out in Part 6 Nonstandard Provisions. Attorney will be required to submit an itemization of their time to the Court. Attorney fees will not exceed $3,250.00 unless a separate itemization is served on all creditors at least 21 days in advance.

4.2 **Trustee's Fees:** Trustee's fees are governed by statute and may change during the course of the date.

4.3. **Domestic Support Obligations:** The following **DOMESTIC SUPPORT** obligations will be paid over the life of the plan as follows: These payments will be made simultaneously with payment of the secured debt to the extent funds are available and will include interest at the rate of _______%. **(If this is left blank, no interest will be paid.)**

| NAME OF CREDITOR | PAYMENT AMOUNT |
| --- | --- |

4.4. **Priority Claims:** All other 11 U.S.C. § 507 **PRIORITY** claims, unless already listed under 4.2 will be paid in full over the life of the plan as funds become available in the order specified by law. **{$___________ to IRS @ $________/month} {$___________ to GA Rev @ $________/month}.**

**Part 5: Treatment of Non Priority Unsecured Claims**

5.1. **Payment Parameters: Debtor(s) will make payments that will meet all of the following parameters (these are not cumulative, debtor(s) will pay the highest of the three)**

(a) Debtor(s) will pay all of the disposable income as shown on Form I22C of $0.00 to the nonpriority unsecured creditors in order to be eligible for a discharge, unless debtor(s) include contrary provisions in **Part 6 Nonstandard Provisions** along with sufficient legal reason justifying the excusal from meeting this requirement.

(b) If the debtor(s) filed a Chapter 7 case, the priority and other unsecured creditors would receive $0.00. Debtor(s) will pay this amount to the priority and other unsecured creditors in order to be eligible for discharge in this case. {unex}

(c) The debtor(s) will pay $0.00 to the general unsecured creditors to be distributed prorata.{lux/inc/stu/other}

5.2. **General Unsecured Creditors:** General unsecured creditors whose claims are duly proven and allowed will be paid **(CHOOSE ONLY ONE):**

(a) $0.00 dividend as long as this dividend exceeds the highest amount, if any, shown in paragraph 5.1(a), 5.1(b), or 5.1(c) and the debtor(s) makes payment for the applicable commitment period as indicated in **Part 2 Section 2.4.**

(b) the debtor(s) anticipates unsecured creditors will receive a dividend of $0.00, but will also pay the highest amount shown in paragraph,5.1(a),5.1(b) or 5.1(c) above. All creditors should file claims in the event priority and secured creditors do not file claims and funds become available for distribution.

5.3. **Unsecured Claims:** The following unsecured claims are **CLASSIFIED** to be paid at 100%. If the debtor(s) is proposing to pay interest on classified claims, or to pay the claims a regular monthly payment, those proposals should appear in **Part 6 Nonstandard Provision. (If "interest" column below is left blank, no interest will be paid).**

| NAME OF CREDITOR | COLLATERAL | INTEREST RATE (IF APPLICABLE) | REASON FOR CLASSIFICATION |
|---|---|---|---|
| | | | |
| | | | |

5.4. **Executory Contracts and Unexpired Leases:** The executory **CONTRACTS AND UNEXPIRED LEASES** listed below are **ASSUMED.** All other executory and unexpired leases are rejected. If the debtor(s) wishes to cure a default on a lease, an explanation of those payments are shown in **Part 6 Nonstandard Provisions.** (Also, debtor assumed all contracts and unexpired leases listed in paragraph 3.7)

| NAME OF CREDITOR | DESCRIPTION OF CONTRACT/LEASE |
|---|---|
| | |

5.5. **Property of the Estate:** Unless otherwise ordered by the Court, all property of the estate, whether in the possession of the Trustee or the debtor(s), remains property of the estate subject to the Court' jurisdiction, notwithstanding §327(b), except as otherwise provided in **Part 6 Nonstandard Provisions** below. Property of the estate not paid to the Trustee shall remain in the possession of the debtor(s). All property in the possession and control of the debtor(s) at the time of confirmation shall be insured by the debtor(s). The Chapter 13 Trustee will not and is not required to insure such property and has no liability for injury to any person, damage or loss to any such property in possession and control of the debtor(s) or other property affected by property in possession and control of the debtor(s).

5.6. **Validity of Liens or Preference Actions:** Notwithstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens or preference actions will be reserved and can be pursued after confirmation of the plan. Successful lien avoidance or preference action will be grounds for modification of the plan.

## Part 6: Nonstandard Provisions

**Nonstandard Provisions:** Under Bankruptcy rule 3015(c), all nonstandard provisions are required to be set forth below. ***These plan provisions will be effective only if the applicable box in Part 1 of this plan is checked.***

(1) "Long Term" debt shown in paragraph 2(b) and debts shown in paragraph 2(l) above shall retain the lien securing such claim until the completion of the payment of the underlying debt as determined under non bankruptcy law. Any other allowed secured claim provided for by this plan shall retain the lien securing such claim: However, within thirty (30) days of either; (a)completion of the payment of the underlying debt as determined under nonbankruptcy law, or (b)discharge from bankruptcy {whichever shall occur first}, the holder (with the exception of the holder(s) of federal and state tax lien(s)) of such claim shall release its lien and return any title documents to the owner as listed on the Certificate of Title (unless there is a joint "Owner" on the Certificate of Title who is not protected under the bankruptcy) with the lien satisfied. {Including, any secured debt on any vehicle or mobile home.}

(2) Collateral being paid for by the debtor does not revest upon confirmation.

(3) Debtor will not protect any CO-SIGNERS on any debts unless otherwise specified above.

(4) Reject GAP Insurance & Service/Maintenance contracts on all vehicles unless otherwise specified.

(5)To the extent allowed under 11 USC §522(f), upon discharge; the following non-possessory liens and/or judicial liens {except those for domestic support obligations under 11 USC §523(a)(5)}will be avoided all Creditors shall cancel said lien(s) of record within 15 days of notice of discharge.

**JUDGMENTS:**

**NPHGS: Security Finance, World Finance**

(6) No student loans will be paid through the bankruptcy unless otherwise specified herein.

(7) PAYROLL DEDUCTION has already been requested from: Cloud 10 Corp (Transcom).

(8) Debtor proposes to **reject** the following executory contract(s): ____________________.

***(9) Per paragraph 3.6 (above) all collateral being surrendered is in full satisfaction of the debt unless otherwise specified in 3.6 above.***

***(10) Per paragraph 4.1 (above) attorneys' fees will be awarded $175.00/hour based on itemizations to be filed by the debtor's attorney, and served in accordance with 11 U.S.C § 330(a)(4)(B). Attorney fees will not exceed $3,250.00 unless a separate itemization is served on all creditors at least 21 days in advance.***

## Part 7: Signatures

7.1. **Certification:** The debtor(s)' attorney (or debtor(s), if not represented by an attorney) certifies that all provisions of this plan are identical to the Official form of the Middle District of Georgia. except for language contained in **Part 6: Nonstandard Provisions.**

BNK-ALL CREDITORS CERTIFICATE OF SERVICE: This is to certify that I have this day served all creditors, the standing Trustee, and the U.S. Trustee, as more specifically shown on the attached list of creditors, with a copy of the foregoing matters by depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage thereon by hand-delivery or by electronic notice.

9-11-19
Date

Charles R. Hunt, Attorney for Debtor

DOCUMENT PREP. BY: CHARLES R. "CHAD" HUNT ❖ STATE BAR GA. 0378493 ❖ 112 EAST LEE STREET ❖ DAWSON, GEORGIA 39842☎ Fax Available on Request PH.(229)995-4868
E-mail: chadhuntlaw@gmail.com

END OF DOCUMENT

AT&T
C/O ENHANCED RECOVERY GROUP
PO BOX 57610
JACKSONVILLE FL 32241

AT&T
PO BOX 105503
ATLANTA GA 30348

BANK OF AMERICA
PO BOX 982235
EL PASO TX 79998

CHAPTER 13 TRUSTEE
PO BOX 1907
COLUMBUS GA 31902

COMENITY BANK
C/O THE BUREAUS INC
1717 CENTRAL ST
EVANSTON IL 60201

COMENITY BANK/LANE BRYANT
ATTN: BANKRUPTCY DEPARTMENT
PO BOX 182125
COLUMBUS OH 43218-2125

CREDIT ONE BANK
PO BOX 98873
LAS VEGAS NV 89193

GA DEPARTMENT OF REVENUE
COMPLIANCE DIVISION
ARCS-BANKRUPTCY
1800 CENTURY BLVD NE SUITE 9100
ATLANTA GA 30345-3205

GEORGIA POWER
BANKRUPTCY DEPARTMENT
PO BOX 105537
ATLANTA GA 30348

GEORGIA POWER
C/O NOTTE & KREYLING PC
11770 HAYNES BRIDGE RD 205-104
ALPHARETTA GA 30009

GLA COLLECTION CO INC
2630 GLEESON LN
LOUISVILLE KY 40299

IRS
PO BOX 7346
PHILADELPHIA PA 19101-7346

JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-9617

JENNA CARNEY
8222 MAUDIE LANE
COLUMBUS GA 31904

KELLY SERVICES
C/O HUTCHINSON WARREN & ASSOCIATES
122 SOUTH RAWLES ST SUITE 200
ROMEO MI 48065-5606

KNOLOGY INC DBA WOW
C/O CREDIT MANAGEMENT LP
4200 INTERNATIONAL PKWY
CARROLLTON TX 75007-1912

KNOLOGY OF COLUMBUS
4200 INTERNATIONAL PKWY
CARROLLTON TX 75007-1912

LABORATORY CORPORATION OF AMERICA
HOLDINGS
PO BOX 2240
BURLINGTON NC 27216-2240

MEDIACOM COMMUNICATIONS CORP
C/O CREDIT COLLECTION SERVICES
725 CANTON ST
NORWOOD MA 02062

MEDIACOM COMMUNICATIONS CORPORATION
ATTN: BANKRUPTCY DEPT.
1 MEDIACOM WAY
MEDIACOM PARK NY 10918

PROGRESSIVE
C/O CREDIT CONTROL SERVICE
725 CANTON ST
NORWOOD MA 02062

PROGRESSIVE INSURANCE
PO BOX 31260
TAMPA FL 33631

SECURITY FINANCE
103 12TH ST
COLUMBUS GA 31901

SPRINT
C/O DIVERSIFIED CONSULTANT
10550 DEERWOOD PARK BLVD
JACKSONVILLE FL 32256

SPRINT
CUSTOMER SERVICE
PO BOX 8077
LONDON KY 40742

SUNTRUST BANK
BANKRUPTCY DEPARTMENT
PO BOX 85092
RICHMOND VA 23286

U.S. TRUSTEE
440 MARTIN LUTHER KING JR BLVD
SUITE 302
MACON GA 31201

UNBANC
C/O CAPITAL ACCOUNTS
PO BOX 140065
NASHVILLE TN 37214

UNITED STATES ATTORNEY GENERAL
950 PENNSLYVANIA AVE NW
WASHINGTON DC 20530-0001

UNITED STATES ATTORNEYS OFFICE
PO BOX 1702
MACON GA 31202

US AUTO FINANCE
824 N MARKET ST STE 220
WILMINGTON DE 19801

US BANK
4801 FREDERICA ST
OWENSBORO KY 42301-7441

US DEPARTMENT OF ED/GLELSI
2401 INTERNATIONAL LN.
MADISON WI 53704

WORLD FINANCE
3941 VICTORY DR STE A
COLUMBUS GA 31903

WORLD FINANCE CORP
C/O JH PORTFOLIO DEBT
5757 PHANTOM DR STE 225
HAZELWOOD MO 63042